# EXHIBIT A

Timothy G. Tonkin (#020709)
Steven J. Jones (#031438)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:  (602) 258-8900
Facsimile:  (602) 279-9155
E-Mail: timt@phillipslaw.com
E-Mail: stevenj@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com

Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JEFFREY SNELL, individually,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>    Defendants. | Case No.: CV 2017-011989<br><br>**COMPLAINT**<br><br>Contract-Bad Faith |

JEFFREY SNELL, (hereinafter "Plaintiff"), for his complaint, alleges:

1. Plaintiff is, and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

2. Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter "Defendant," unless otherwise indicated) is a foreign company, which is, and was, licensed to do business in the State of Arizona, and provided and continues to provide insurance services within the State of Arizona, or placed and continues to place insurance products in the stream of commerce reaching the State of Arizona.

1

3.   Defendants JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5 (hereinafter: "fictitious defendants") are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

4.   Upon belief all fictitious Defendants were residents of the County of Maricopa, State of Arizona; and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to do business within the State of Arizona, and actually doing business therein on the date of the accident alleged therein.

5.   All acts and events alleged hereafter occurred within the State of Arizona, making venue proper.

6.   The minimum jurisdictional amount established for filing this action has been satisfied.

7.   Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY, either individually or collectively, issued an automobile policy of insurance, identified as Policy Number AS2-621-004275-096, to Plaintiff's employer Dover Corporation Hill-Phoenix, Inc., with underinsured motorist coverage in the amount of $100,000.00 for each person and $300,000.00 for each occurrence.

8.   On or about June 10, 2016, Plaintiff was involved in a motor vehicle collision that was caused by the negligence of underinsured motorist, Alex Garcia. At the time of the collision, Plaintiff was a covered driver under the above-referenced insurance policy.

9. As a direct and proximate cause of the negligence of the underinsured driver, Plaintiff sustained personal injuries in the form of pain, discomfort, suffering, disability, and anxiety, and will experience such personal injury in the future.

10. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff incurred, and will continue to incur in the future, reasonable expenses for necessary medical care, treatment and services.

11. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff incurred lost earnings.

12. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff sustained general damages in excess of the minimum jurisdictional limits of this court.

13. After recovering the liability limits of the policy of insurance covering the negligence of the underinsured driver, Plaintiff made a claim against the underinsured portion of the policy issued by Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY.

14. In response to Plaintiff's claims, Defendant failed to adequately investigate Plaintiff's claims.

15. Defendant also failed to give equal consideration to Plaintiff's claims.

16. In addition, Defendant failed to reasonably and promptly pay Plaintiff for his loss arising from the motor vehicle accident.

17. Defendant failed to reasonably inform Plaintiff of all his rights and obligations under the policy of insurance.

18. By each of their inadequate investigation and adversarial position in processing Plaintiff's claim, Defendants have forced Plaintiff to file a lawsuit to recover his damages.

19. By their acts, Defendants have denied *de facto* those benefits covered under the policy.

3

20. Defendants have failed to compensate Plaintiff the benefits to which he is rightfully entitled. Defendants have forced Plaintiff to file this Complaint, forcing Plaintiff through needless adversarial hoops to achieve his rights under the policy.

### Count 1

### Breach of Contract

21. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Defendant's failure to make a good faith offer to pay, and failure to reasonably and promptly pay Plaintiff for his loss arising from the motor vehicle accident, failure to timely accept the claim, failure to negotiate this matter in good faith, making false representation, failure to promptly respond to timely settlement offers, constitute a *de facto* denial of coverage.

23. Defendant's same failures also constitute a breach of the insurance contract entered into by and between Plaintiff and Dover Corporation Hill-Phoenix, Inc., under which Plaintiff was covered at the time of the subject collision.

24. At all times relevant to this action, all fictitious Defendants denied *de facto* coverage, or breached the insurance contract by their acts or omissions, or are vicariously liable for the acts or omissions of Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY.

25. As a direct and proximate result of Defendant's breach, Plaintiff sustained direct and consequential damages.

### Count 2

### Bad Faith

26. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

4

27. Inherent in every contract of insurance is the insurance company's covenant of good faith and fair dealings.

28. Defendant's failure to adequately investigate Plaintiff's claims, failure to treat Plaintiff's claims with equal consideration, failure to make a good faith offer, failure to promptly investigate and accept the underinsured motorist claim, and failure to make reasonable efforts to avoid the necessity for litigation constitute a breach of the covenant of good faith and fair dealings.

29. At all times relevant to this action, all fictitious Defendants breached their covenant of good faith and fair dealings by their acts or omissions, or are vicariously liable for the acts or omissions of Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY.

30. As a direct and proximate result of Defendant's breach, Plaintiff sustained direct and consequential damages.

31. Further, Plaintiff is also entitled to an award of punitive damages for the reason that Defendants intended to injure Plaintiff or have acted with a consistent pattern to undermine the security of its own policies to the detriment of its insureds, including Plaintiff or, although not intending to cause injury, Defendant's conduct was motivated by spite or ill will, or Defendants acted to serve their own interests, having reason to know, and consciously disregarding, a substantial risk that their conduct might significantly injure the rights of others.

### Count 3

### Underinsured Motorist Benefits

32. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Because the negligence of an underinsured driver caused Plaintiff to sustain personal injury and damages, Plaintiff is entitled to fair and reasonable compensation from Defendants under the underinsured motorist provision of the policy.

34. At all times relevant to this action, Plaintiff is entitled to fair and reasonable compensation from fictitious Defendants under the underinsured motorist provision of the policy for those damages for which the negligent driver was underinsured, or Defendants are otherwise vicariously liable to Plaintiffs under the policy issued by LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC.

### Demand for Judgment

WHEREFORE, Plaintiff demands judgment against the Defendants for the following:

1. All direct and consequential damages caused by Defendants' breach of the insurance contract;

2. All damages caused by Defendants' breach of its covenant of good faith and fair dealings;

3. The full fair amount of underinsured motorist proceeds under the policy;

4. General damages for an amount to be proven at trial;

5. Special damages for an amount to be proven at trial;

6. Punitive damages in an amount to be proven at trial;

7. Attorneys' fees under A.R.S. § 12-341.01 and costs;

8. Pre-and post-judgment interest at the statutory rate;

9. Such other and further relief as the court deems just and proper under the circumstances.

DATED this 28th day of August, 2017.

PHILLIPS LAW GROUP, P.C.

By /s/ [signature]
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*

# EXHIBIT B

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| PHILLIPS LAW GROUP<br>TIMOTHY G. TONKIN (#020709)<br>3101 N Central Avenue Suite 1500<br>Phoenix, AZ 85012<br>Telephone No: (602) 258-8900 | | | | MICHAEL K. JEANES, CLERK<br><br>2017 SEP -1 AM 11: 31 |
| Attorney For: Plaintiff | | Ref. No. or File No.: 50341 | | |
| Insert name of Court, and Judicial District and Branch Court:<br>MARICOPA COUNTY SUPERIOR COURT | | | | |
| Plaintiff: JEFFREY SNELL, Individually,<br>Defendant: LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign company; ET AL | | | | |
| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV2017-011989 |

1. At the time of service I was at least 21 years of age and not a party to this action.

2. I served copies of the
SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; PLAINTIFF'S NON-UNIFORM INTERROGATORIES; PLAINTIFF'S REQUEST FOR PRODUCTION; PLAINTIFF'S REQUEST FOR ADMISSION;

3. a. Party served: LIBERTY MUTUAL FIRE INSURANCE COMPANY
   b. Person served: Josef Patawaran, SOP Coordinator for Corporation Service Company as Statutory agent

4. Address where the party was served: 2338 W ROYAL PALM RD STE J , PHOENIX , AZ 85021

5. I served the party:
   a. by substituted service. On: Wed, Aug 30 2017 at: 11:23 AM by leaving the copies with or in the presence of:
   Josef Patawaran, SOP Coordinator for Corporation Service Company as Statutory agent, Asian American, Male, 23 yrs, Black hair, Brown eyes, 5'5", 145 lbs.

Service: $18.08, Mileage: $24.00, Notary: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $52.08

I Declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

6. Person Executing:
   a. Bill Bilyk MC-8749;
   b. FIRST LEGAL
   3737 North 7th. Street Suite 125
   PHOENIX, AZ 85014
   c. (602) 248-9700

8/31/17 (Date)     B.B. (Signature)

7. STATE OF ARIZONA, COUNTY OF Maricopa
Subscribed and sworn to (or affirmed) before on this 31 day of August, 2017 by Bill Bilyk (MC-8749)
proved to me on the basis of satisfactory evidence to be the person who appeared before me.



OFFICIAL SEAL
TRICIA DESPAIN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires March 8, 2019

AFFIDAVIT OF SERVICE

(Notary Signature)

1631432 (586071)

**EXHIBIT C**

| | |
|---|---|
| 1 | Timothy G. Tonkin (#020709) |
| | Steven J. Jones (#031438) |
| 2 | **PHILLIPS LAW GROUP, P.C.** |
| | 3101 N. Central Avenue, Suite 1500 |
| 3 | Phoenix, Arizona 85012 |
| | Telephone: (602) 258-8900 |
| 4 | Facsimile: (602) 279-9155 |
| | E-Mail: timt@phillipslaw.com |
| 5 | E-Mail: stevenj@phillipslaw.com |
| | E-Mail: minute_entries@phillipslaw.com |
| 6 | |
| | Attorney for Plaintiff |
| 7 | |

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | | |
|---|---|---|
| | JEFFREY SNELL, individually, | Case No.: **CV2017-011989** |
| | Plaintiff, | **SUMMONS** |
| | vs. | Contract-Bad Faith |
| | LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5, | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| | Defendants. | |

**STATE OF ARIZONA TO THE DEFENDANTS:**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

1

1     **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief
2 demanded in the Complaint.

3     **YOU ARE CAUTIONED** that in order to appear and defend, you must file an answer or other proper response in writing with the Clerk of the Court, accompanied by the necessary
4 filing fee, within the time required, and you are required to serve a copy of any answer or other response upon the plaintiff's attorney.
5

6     The name and address of the plaintiff's attorney is:

7                         Timothy G. Tonkin, Esq.
                            Steven J. Jones, Esq.
8                      **PHILLIPS LAW GROUP, P.C.**
                    3101 N. Central Avenue, Suite 1500
9                        Phoenix, Arizona 85012

10     Requests for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a
11 scheduled court proceeding.

12         SIGNED AND SEALED: _____
                              MICHAEL K. JEANES
13                            Clerk of the Superior Court

14

15                                    **COPY**

16                      By _____   AUG 2 8 2017
                        Deputy Clerk   MICHAEL K. JEANES, CLERK
17                                   V. CANISALES
                                  DEPUTY CLERK

18

19

20

21

22

23

24

25

# EXHIBIT D

| | |
|---|---|
| 1 | Timothy G. Tonkin, Esq. (#020709) |
| | Steven J. Jones, Esq. (#031438) |
| 2 | **PHILLIPS LAW GROUP, P.C.** |
| | 3101 N. Central Ave., Suite 1500 |
| 3 | Phoenix, Arizona 85012 |
| | Telephone:  (602) 258-8900 ext. 100 |
| 4 | Facsimile:    (602) 279-9155 |
| | E-Mail:  Timt@phillipslaw.com |
| 5 | E-Mail:  Stevenj@phillipslaw.com |
| | minute_entries@phillipslaw.com |

**COPY**

AUG 28 2017

MICHAEL K. JEANES, CLERK
V. CANISALES
DEPUTY CLERK

*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JEFFREY SNELL, individually, | Case No.: |
| | CV 2017-011989 |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. | |
| | Contract-Bad Faith |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5, | |
| Defendants. | |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case **Is NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 28th day of August, 2017.

PHILLIPS LAW GROUP, P.C.

By_____
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*

1

# EXHIBIT E

Timothy G. Tonkin, Esq. (#020709)
Steven J. Jones, Esq. (#031438)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Ave., Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900 ext. 100
Facsimile:    (602) 279-9155
E-Mail: Timt@phillipslaw.com
E-Mail: Stevenj@phillipslaw.com
minute_entries@phillipslaw.com

*Attorneys for Plaintiffs*

COPY
AUG 2 8 2017
MICHAEL K. JEANES, CLERK
V. CANISALES
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JEFFREY SNELL, individually,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>Defendants. | Case No.: CV2017-011989<br><br>**DEMAND FOR JURY TRIAL**<br><br>Contract-Bad Faith |

Pursuant to Rule 38(b), Ariz.R.Civ.P., Plaintiff through counsel undersigned, hereby demands a trial by jury.

DATED this 28th day of August, 2017.

PHILLIPS LAW GROUP, P.C.

By _____
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*

1

# EXHIBIT F

COPY

In the Superior Court of the State of Arizona
In and For the County of Maricopa

AUG 2 8 2017

Case Number   CV 2017-011989

**CIVIL COVER SHEET- NEW FILING ONLY**

Is Interpreter Needed? ☐ Yes ☒ No
If yes, language type:_____
Attorney/Pro Per Signature _____
To the best of my knowledge, all information is true and correct.

Plaintiff's Attorney(s):
Timothy G. Tonkin, Esq. (#020709)
Steven J. Jones, Esq. (#031438)

Plaintiff's Name(s): (List all)
**Jeffrey Snell**

Plaintiff's Address;
**c/o Phillips Law Group, P.C.**
**3101 N. Central Avenue, Suite 1500**
**Phoenix, AZ 85012**

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other_____

X Rule 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action).

☐ Rule 8(i) COMPLEX LITIGATION APPLIES Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability- Asbestos
☐ 112 Product Liability- Tobacco
☐ 112 Product Liability- Toxic/ Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice- Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify)_____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
X 134 Other Contract (Breach of Contract)
☐ 135 Real Property Excess Proceeds
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Forcible Detainer
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. § 23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ Sexual Violent Person (A.R.S. § 36-3704) (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence (A.R.S. § 12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. § 46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. § 12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain- Light Rail Only
- ☐ 177 Interpleader- Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. § 36-333.03)
- ☐ 183 Employment Dispute – Discrimination
- ☐ 185 Employer Dispute – Other
- ☐ 163 Other_____
        (Specify)

### 150-199 UNCLASSIFIED CIVIL CASE TYPES:
- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

### COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place "X" in the box of no less than one of the following:

- ☐ Antitrust/ Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)
  N/A_____

Additional Defendant(s)

**JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5.**